UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA,

v.                                Criminal Action No. 2:15-00067

TRAVIS LEONARD SUMPTER,

MEMORANDUM OPINION AND ORDER

Pending is defendant Travis Leonard Sumpter's objection to the base offense level calculation set forth in the Presentence Investigation Report in this matter. The defendant objects to the Presentence Report's enhancement of his base offense level under United States Sentencing Guideline (U.S.S.G.) § 2K2.1(a)(4), which applies if the defendant has previously been convicted of a "crime of violence." The defendant argues that his prior conviction for wanton endangerment involving a firearm should not be used to enhance his sentence because that offense is not a crime of violence as defined by the Sentencing Guidelines.

U.S.S.G. § 4B1.2 defines "crime of violence" as follows:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Because wanton endangerment is not one of the enumerated offenses in § 4B1.2(a)(2), it qualifies as a crime of violence only if it has as an element the use, attempted use, or threatened use of force under § 4B1.2(a)(1) (the "element clause") or conduct that presents a serious potential risk of physical injury under the § 4B1.2(a)(2) (the "residual clause"). The defendant argues that neither clause is applicable to his prior conviction and in particular that the residual clause is void for vagueness in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015) (striking down identical language in 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), as void for vagueness). In its response to the defendant's objection, the United States argues that wanton endangerment involving a firearm involves the use of force under the element clause. The government does not address the applicability of the residual clause to the defendant's

2

prior conviction after <u>Johnson</u>.

The court uses the "categorical approach" to determine whether an offense qualifies as a crime of violence. <u>See</u> <u>United States v. Shell</u>, 789 F.3d 335, 338-39 (4th Cir. 2015). The categorical approach requires evaluation of the offense based solely on the fact of conviction and the statutory definition of the crime, rather than the underlying conduct involved in the defendant's prior conviction. If the range of conduct covered by the statute, "including the most innocent conduct," can include both violent and non-violent conduct, the offense cannot be treated as a crime of violence for purposes of the guidelines. <u>Id.</u> at 339 (quoting <u>United States v. Diaz-Ibarra</u>, 522 F.3d 343, 348, 352 (4th Cir. 2008)).

The court herein addresses the application of the element clause and the residual clause to the defendant's prior conviction for wanton endangerment involving a firearm.

## I. The Element Clause of § 4B1.2

The element clause defines an offense as a crime of violence if a statutory element involves the use, attempted use, or threatened use of force. For purposes of this provision, the

3

Case 2:15-cr-00067 Document 43 Filed 01/06/16 Page 4 of 12 PageID #: 145

force involved must be "violent force . . . capable of causing physical harm to a person." Johnson v. United States, 559 U.S. 133, 140 (2010) (interpreting the ACCA's violent felony definition).[1] The Supreme Court described this "violent force" as requiring more than the common law's minimal standard for physical force (e.g. an "offensive touching"). Id. at 139-40. Accordingly, wanton endangerment involving a firearm qualifies as a crime of violence under the element clause if the statutory definition of the crime requires "violent force" sufficient to cause physical harm to a person.

Under applicable state law, the elements of wanton endangerment involving a firearm require that "(1) the defendant (2) did wantonly perform (3) with a firearm (4) an act (5) creating substantial risk of (6) death or serious bodily injury

---

[1] Interpreting an identical residual clause in another section of the Sentencing Guidelines pertaining to the illegal reentry of an alien (§ 2L1.2), the Fourth Circuit observed: "Although Johnson involved construction of the term 'violent felony' in the Armed Career Criminal Act and not the [guidelines], we nevertheless consider its interpretation controlling in this case because the language of the force clause in the Armed Career Criminal Act and the reentry Guideline is identical, and we have previously relied on case law construing one provision as helpful in construing the other." United States v. Aparicio-Soria, 740 F.3d 152, 154 (4th Cir. 2014) (citing United States v. Montes-Flores, 736 F.3d 357, 363 (4th Cir.2013)).

4

to another." State v. White, 490 S.E.2d 636, 640 (W. Va. 1997) (interpreting W. Va. Code § 61-7-12). The Supreme Court of Appeals of West Virginia has interpreted the "act" element broadly: "Because the offense of wanton endangerment with a firearm is defined, not in terms of whether the firearm is discharged, but merely with reference to the commission of 'any act,' the discharge of a firearm is not an element of West Virginia Code § 61-7-12." State v. Hulbert, 544 S.E.2d 919, 930 (2001).

In Hulbert, the Supreme Court of Appeals indicated that its interpretation is consistent with the manner in which other jurisdictions have interpreted similar statutes. For example, the court cited Key v. Commonwealth, a case in which a Kentucky appellate court held that pointing an unloaded firearm at another person satisfies the elements of Kentucky's comparable statute. See 840 S.W.2d 827, 829 (Ky. App. 1992). The Fourth Circuit, recognizing this broad interpretation of West Virginia's wanton endangerment statute, observed that the Supreme Court of Appeals citation to Key suggests that the offense of wanton endangerment with a firearm in West Virginia is complete when an individual points a firearm at another, regardless of whether the firearm is loaded. See United States

5

Case 2:15-cr-00067 Document 43 Filed 01/06/16 Page 6 of 12 PageID #: 147

v. Laudermilt, 576 F. App'x 177 (4th Cir. 2014), wherein the court, after taking note of the West Virginia court's reference in Hulbert to Key as a "consistent case," concluded as follows:

> Thus, not only can we find no West Virginia case requiring the pointing of a loaded firearm to establish the offense of wanton endangerment with a firearm, but indications are strong from the highest court of West Virginia that the offense is complete when one person wantonly points a firearm at another person, regardless whether the firearm is loaded.

576 F. App'x at 182 (emphasis in original).

In a later opinion, the Supreme Court of Appeals suggested that brandishing a firearm, which is a misdemeanor under W. Va. Code. § 61-7-11 and may be treated as a lesser included offense of wanton endangerment, may also constitute the "act" required for wanton endangerment. State v. Bell, 565 S.E.2d 430, 434 (W. Va. 2002) (citing Hancock v. Commonwealth, 998 S.W.2d 496 (Ky. App. 1998) for proposition that "wanton endangerment is not limited to specific types of conduct.").

6

Analyzing a Tennessee statute on the somewhat similar, though different, crime of reckless endangerment with a deadly weapon, the Sixth Circuit concluded the offense "does not fall within the language of § 4B1.2(a)(1) [the element clause] because it does not involve the 'use, or threatened use of physical force against the person of another,' . . . [so] the offense can only be considered a 'crime of violence' if we conclude that it 'otherwise involves conduct that presents a serious potential risk of physical injury to another' under § 4B1.2(a)(2)." United States v. Baker, 559 F.3d 443, 452 (6th Cir. 2009); see also United States v. Meeks, 664 F.3d 1067, 1069-70 (6th Cir. 2012) (holding that wanton endangerment in Kentucky is a crime of violence under the residual clause but "does not include the use, attempted use, or threatened use of physical force as one of its elements").

The above cases suggest that the "act" requirement of W. Va. Code § 61-7-12 can be satisfied by a broad range of conduct involving a firearm, including brandishing a weapon or pointing an unloaded firearm at another person under circumstances that do not involve use or threatened use of physical force against the person of another. While no court has passed on whether the offense at issue here is a crime of

7

violence for purposes of the guidelines, the decisions in Baker and Meeks are instructive on this point. In each case, the Sixth Circuit dismissed the notion that the offense at issue constituted a crime of violence under the element clause.

The cases discussed above routinely analyze similar statutes under the residual clause rather than the element clause precisely because the elements of those crimes do not require the use, attempted use, or threatened use of force. For example, pointing an unloaded firearm or allowing a child unsupervised access to a firearm would both constitute an "act" involving a firearm for purposes of the wanton endangerment statute, but would not necessarily require "violent force . . . capable of causing physical harm to a person."

The court concludes that West Virginia's crime of wanton endangerment involving a firearm does not have as an element the use, attempted use, or threatened use of physical force for purposes of § 4B1.2(a)(1).

II. The Residual Clause of § 4B1.2

As noted above, courts have previously analyzed offenses such as wanton endangerment involving a firearm under

8

the residual clause. The residual clause states that an offense is a crime of violence if it "involves conduct that presents a serious potential risk of physical injury to another." However, several decisions have thrown doubt on the continued applicability of the residual clause to sentencing in light of the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015), which held that an identical residual clause in the Armed Career Criminal Act was unconstitutionally vague. In light of the longstanding practice of interpreting the identical definitions of crime of violence in the guidelines and the ACCA consistently, courts have been receptive to the argument that the residual clause portion of the sentencing guidelines is likewise void for vagueness.[2]

The Fourth Circuit has not ruled on the applicability of vagueness challenges to the guidelines, a question which has created a circuit split.[3] The 10th Circuit, which allows

---

[2] For this point the defendant cites United States v. Goodwin, ___ Fed. Appx. ___, 2015 WL 5167789 (10th Cir. 2015); United States v. Darden, 605 Fed. Appx. 545 (6th Cir. 2015); and United States v. Harbin, 610 Fed. Appx. 562 (6th Cir. 2015). He also cites cases in the 1st, 2nd, 7th, 9th, 10th, and 11th Circuits in which the government has conceded the applicability of Johnson to the guidelines.

[3] Compare United States v. Tichenor, 683 F.3d 358 (7th Cir. 2012) (holding guidelines are not susceptible to vagueness

challenges to the guidelines based on vagueness, recently reiterated its rationale in the context at issue here:

> That the Guidelines are advisory, and not statutory, does not change our analysis. The Supreme Court has held that the Guidelines are subject to constitutional challenge "notwithstanding the fact that sentencing courts possess discretion to deviate from the recommended sentencing range." Peugh v. United States, --- U.S. ----, 133 S.Ct. 2072, 2082, 186 L.Ed.2d 84 (2013) (citation omitted). Further, the Guidelines are the mandatory starting point for a sentencing determination; a district court can be reversed for failing to correctly apply them despite the ability to later deviate from the recommended range. Gall v. United States, 552 U.S. 38, 49-51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Because the Guidelines are the beginning of all sentencing determinations, and in light of the "unavoidable uncertainty and arbitrariness of adjudication under the residual clause," Johnson, 135 S.Ct. at 2562, we hold that the residual clause of § 4B1.2(a)(2) is void for vagueness.

United States v. Madrid, 805 F.3d 1204, 1211 (10th Cir. Nov. 2, 2015).

The Sixth and Eighth Circuits, which had both previously held that the guidelines are not susceptible to vagueness challenges, have begun to retreat from that position based on Johnson. In two unpublished opinions, the Sixth

---

challenges) with United States v. Madrid, 805 F.3d 1204 (10th Cir. Nov. 2, 2015) (ruling that residual clause is void for vagueness and discussing split between circuits). See also United States v. Litzy, 2015 WL 5895199 (S.D.W. Va. Oct. 8, 2015) (Chambers, J.) (declining to apply the residual clause on vagueness grounds and collecting cases on the issue).


Circuit has vacated and remanded enhancements under the residual clause "in light of Johnson." See United States v. Franklin, 2015 WL 4590812 at *11 (6th Cir. July 31, 2015) (unpublished); United States v. Harbin, 610 Fed. Appx. 562, 563 (6th Cir. 2015) (unpublished) (vacating and remanding residual clause enhancement because the defendant "[was] entitled to the same relief as offenders sentenced under the residual clause of the ACCA"). Similarly, the Eighth Circuit vacated and remanded a sentence based on the residual clause, noting that its prior decision in United States v. Wivell, 893 F.2d 156, 159 (8th Cir. 1990), rejecting vagueness challenges to the guidelines, may not be consistent with Johnson. See United States v. Taylor, 803 F.3d 931 (8th Cir. 2015).

By contrast, the Eleventh Circuit recently reaffirmed its stance that the guidelines are not subject to constitutional challenge. United States v. Matchett, 802 F.3d 1185 (11th Cir. 2015). Rejecting application of Johnson to the residual clause definition of crime of violence, that court reasoned that Johnson is limited to criminal statutes defining elements of a crime or fixing punishments, and does not apply to the guidelines. Id. at 1194; but see the Tenth Circuit case of United States v. Madrid, 805 F.3d at 1212 fn. 10 (observing that

11

Matchett does not address the "'arbitrary enforcement by judges' with which Johnson was concerned" and relies only on cases predating Peugh and Johnson).

In the absence of binding precedent in this circuit, the court will follow the increasing trend requiring application of Johnson to the residual clause.

### III. Conclusion

As the court has concluded that neither the element clause nor the residual clause is applicable to the defendant's prior offense, the defendant's objection to the Presentencing Report is SUSTAINED. Accordingly, the defendant's base offense level shall be calculated without enhancement for a prior crime of violence.

DATED: January 6, 2016

John T. Copenhaver, Jr.
United States District Judge